**Continuing Abatement Order filed October 15, 2015**



In The

# Fourteenth Court of Appeals

———————

NO. 14-15-00256-CR

———————

**ULESSIA PROCTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1372857**

## CONTINUING ABATEMENT ORDER

On August 5, 2015, this court directed the trial court to conduct a hearing in this case to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. Our order required the trial judge to see that a record of the hearing is made, make findings of fact and conclusions of law, and order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing and

the courts findings and conclusions were to be filed with the clerk of this court on or before September 8, 2015. To date, the court has not received the record or findings.

We therefore ORDER the judge of the 208th District Court to immediately conduct a hearing at which appellant, appellant's counsel, if any, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to a free record and appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM